See, also, 137 F.Supp. 896.

**AVON PUBLISHING CO., Inc., Eton Books, Inc. and Avon Publications, Inc., Plaintiffs,**

v.

**The AMERICAN NEWS COMPANY, Inc. and The Union News Company, Defendants.**

United States District Court
S. D. New York.
Dec. 23, 1955.

William Gold, New York City, for plaintiffs.

Roth & Riseman, New York City, for defendants.

DAWSON, District Judge.

Two motions have been presented to the Court.

■ The first motion, made pursuant to Rule 37(d), Fed.Rules Civ.Proc. 28 U.S.C.A., seeks an order striking the defendants' answers and granting judgment by default because of the failure of the defendants to make answer to certain interrogatories which were served on August 22, 1955. The defendants served objections to the interrogatories, and on September 19, 1955, Judge Ryan overruled the objections and directed the defendants to answer the interrogatories. Thereafter, a motion was made for re-argument, and on October 17, 1955, Judge Ryan entered an order granting re-argument, but adhering to the original decision.

By stipulation between the parties, the time for answering the interrogatories was extended to November 17, 1955. Thereafter, certain of the interrogatories were answered in part, but admittedly, full answers have not been served. Defendants contend that they have been unable so far to answer the interrogatories in full because the records which must be examined are in 350 cities throughout the United States, and because of the fact that for two months prior to October 5, 1955, the employees of American News Company were on strike, and that no work could be done by the clerical department of that defendant during that period.

The defendants' affidavits do not seem to me to present very conclusive evidence of due diligence. I note particularly that in the memorandum opinion of Judge Ryan dated September 19, 1955, the interrogatories were modified so as to limit the information which had to be given to that which "appears in the corporate books of account and records of the defendant". The Court having directed heretofore that the interrogatories, as modified, be allowed, it must be expected that the defendant, to excuse its delay, should not rely upon assertions that preparing answers to the interrogatories is a "monumental job". They should have adduced facts showing what they had actually done to secure the information to answer the interrogatories. In the absence of any such facts, the defendant's protestations as to the reasons for their failure to answer the interrogatories are not very persuasive.

The case is now set down for trial for the Calendar of March, 1956. In view of the foregoing, the time of the defendants to answer the interrogatories is extended to January 16, 1956, which should be considered the last extension, and if the answers are not served by that day, plaintiffs shall have the right to renew this motion.

■ The other matter argued before me related to objections filed by the defendants to a second set of interrogatories served by the plaintiffs on November 21, 1955.

This action was started on December 11, 1953. The note of issue was filed May 10, 1954. Thereafter, in August, 1955, plaintiffs served the interrogatories as hereinbefore indicated, which interrogatories were modified. Now, when this case is only a few months from trial, and while defendants are still engaged in answering the previous interrogatories, plaintiffs serve further interrogatories calling for most detailed information which, in many respects, would cause defendants to duplicate work done in connection with the earlier interrogatories. Plaintiffs have shown no good cause for serving this second set of interrogatories, nor have plaintiffs given any good reason why, if the information was necessary, it was not asked for in the earlier interrogatories. To furnish the information required in the second set of interrogatories would require detailed accounting examinations involving breakdowns as to thousands of dealers and hundreds of branches of the defendants over a number of months. The earlier interrogatories were modified by Judge Ryan, as hereinabove stated, who stated that "the

interrogatories as framed call for an auditing by defendant of innumerable invoices which would entail an enormous amount of work and with which it is not fair to burden the defendant." Now plaintiffs have served further interrogatories which appear to be even more detailed than the first interrogatories, and which the attorney for the defendants has stated would require research into the past records of more than 350 branches around the Country, and which would require months to answer. The plaintiffs have not shown any reason why such detailed information is necessary in connection with their cause of action. The objections to these interrogatories are sustained.

So ordered.